**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ANGELA ANDERS and RUBY DUNCAN,

    Plaintiffs,

    v.

WILLIAM CHARLES KEOUGH and
KEOUGH HACKLES, LLC,

    Defendants.

No. 1:25-CV-03166

Judge Edmond E. Chang

**MEMORANDUM OPINION AND ORDER**

Angela Anders[1] and Ruby Duncan sued William Charles Keough and Keough Hackles, LLC, in the Circuit Court of Cook County after the parties were involved in a motor vehicle accident. R. 1-1, Exh. A, Compl.[2] The Defendants removed the case to federal court based on diversity jurisdiction. R. 1, Notice of Removal ¶ 10. The Plaintiffs move to remand, arguing that the amount-in-controversy requirement is not met. R. 10, Pls.' Mot. Because it is not legally impossible for each plaintiff to recover over $75,000, the motion is denied, so the case will stay in federal court.

## I. Background

In March 2023, Anders's car and Keough's commercial truck collided on the interstate in Illinois. Compl. ¶¶ 7–10. Anders and Duncan—a passenger in Anders's

---

[1]Although Plaintiff's name is Angela *Anders*, it was inadvertently entered in CM/ECF as Angela *Anderson*. The Clerk's Office is directed to change the Case Short Title to "Anders et al v. Keough et al."

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

car—say they were both injured in the collision and incurred medical expenses. *Id.* ¶¶ 2, 17, 37. They sued the Defendants in the Circuit Court of Cook County for negligence. *Id.* ¶¶ 11–57. The Defendants removed the case to federal court based on diversity jurisdiction. Notice of Removal ¶ 10. Now, the Plaintiffs move to remand this case to state court for lack of subject matter jurisdiction. Pls.' Mot. ¶ 4.

## II. Analysis

"A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006). Here, because the Plaintiffs bring state tort claims, "subject-matter jurisdiction could be based only on diversity" jurisdiction. *See id.* The parties agree that there is diversity of citizenship,[3] but the Plaintiffs argue that the amount-in-controversy requirement is not satisfied. *See* Pls.' Mot. ¶ 4; *see also* 28 U.S.C. § 1332(a)(1). Specifically, they contend that the amount in controversy is less than $75,000 because they seek compensatory damages only for their medical expenses, which are under $15,000 for each Plaintiff. R. 14, Pls.' Reply Br. ¶ 6.

"When removing a suit, the defendant as proponent of federal jurisdiction is entitled to present its own estimate of the stakes; it is not bound by the plaintiff's

---

[3]Anders and Duncan are Illinois citizens. Notice of Removal ¶ 5. And Keough Hackles, LLC is a Michigan limited liability company with one member, Keough, who is a Michigan citizen. R. 26, Jurisdictional Memo. ¶¶ 2–3; *see Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company … is the citizenship of each of its members.").

estimate." *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). "Once this has been done, … the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Id.* Applying that standard here, the amount-in-controversy requirement is met, and thus removal was proper.

First, the Defendants successfully demonstrate that each Plaintiff could recover over $75,000.[4] The Plaintiffs' complaint did not request a specific amount in damages because Illinois law prohibits them from doing so. *See generally* Compl.; *see* 735 ILCS 5/2-604.2(a). But in Illinois, personal-injury plaintiffs can recover several types of compensatory damages (such as loss of a normal life, pain and suffering, and past and future medical expenses), as well as punitive damages. *See Kemner v. Monsanto Co.*, 576 N.E.2d 1146, 1151–52 (Ill. App. Ct. 1991); *see also Knight v. Lord*, 648 N.E.2d 617, 623 (Ill. App. Ct. 1995). It is thus possible that a jury could award the Plaintiffs compensatory and punitive damages that amount to over $75,000 per Plaintiff. *See, e.g.*, *Est. of Oglesby v. Berg*, 946 N.E.2d 414, 419–21 (Ill. App. Ct. 2011) (affirming a jury award of $76,000 for loss of normal life and pain and suffering from a car accident). Indeed, in a settlement-demand letter to the Defendants, the Plaintiffs each requested over $110,000 in compensation for their medical expenses, pain and

---

[4]The Plaintiffs note that the claims of multiple plaintiffs cannot be aggregated to meet the amount-in-controversy requirement. Pls.' Reply Br. ¶ 4; *Grand Rapids Furniture Co. v. Grand Rapids Furniture Co*, 127 F.2d 245, 249 (7th Cir. 1942). But because it is legally possible for *each* Plaintiff here to individually recover over $75,000, removal does not run afoul of this rule.

suffering, and loss of society. R. 11-1, Exh. 1, Demand Letter at 8. Thus, the Defendants have presented a plausible estimate that the amount in controversy exceeds $75,000. *See Oshana*, 472 F.3d at 511–12 (concluding that the defendant made a good-faith estimate of the amount in controversy based on various facts, including the types of damages sought in the complaint).

The Plaintiffs argue that the defense's amount-in-controversy estimate is inaccurate because it relies on the settlement-demand letter, which was "made solely for the purpose of facilitating settlement negotiations and reflected an effort to encourage the parties to meet somewhere in the middle," rather than representing "a definitive statement of the value of either claim for jurisdictional purposes." Pls.' Reply Br. ¶ 2. But the Court may consider the Plaintiffs' settlement demand to estimate the amount in controversy, particularly when the complaint itself does not request a specific amount in damages. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815–16 (7th Cir. 2006); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427–28 (7th Cir. 1997). And even without the letter, the Defendants' estimate is plausible given the damages often recovered in Illinois personal-injury cases. *See, e.g.*, *Est. of Oglesby*, 946 N.E.2d at 419–21.

At the second step, the Plaintiffs fail to show that recovery of over $75,000 is legally impossible. The Plaintiffs argue that they seek compensation only for their medical expenses, which are less than $15,000 each. Pls.' Mot. ¶¶ 7–8 (noting that Anders's medical expenses total $14,174.63 and Duncan's medical expenses total $10,990.35); *see also* Demand Letter at 5, 8. But this statement is insufficient to show

that it is *legally impossible* for the Plaintiffs to recover more. *See Back Drs. Ltd.*, 637 F.3d at 830–31. "First, events after the date of removal do not affect federal jurisdiction, and this means … that a declaration by the plaintiff following removal" that they will not seek damages meeting the amount-in-controversy requirement "does not permit remand." *Id.* at 830. Second, the Plaintiffs' disclaimer would be insufficient even if they had made it before removal. "A plaintiff in Illinois can limit the relief to an amount less than the jurisdictional minimum, and thus prevent removal, by filing *a binding stipulation or affidavit* with the complaint." *Id.* at 831 (emphasis added). But the Plaintiffs here have not filed any kind of binding document. *See Oshana*, 472 F.3d at 511–12 ("[D]isclaimers have been long approved as a way of staying out of federal court, but only when the disclaimer is binding." (cleaned up)).[5]

The Plaintiffs note that the complaint did not ask for "punitive damages, permanent disability, or any form of extraordinary relief" besides their medical expenses. Pls.' Reply Br. ¶ 6. But "such an omission from a complaint" does not "make[] a punitive award *impossible.*" *Back Drs. Ltd.*, 637 F.3d at 831 (emphasis in original). For instance, even if plaintiffs do not presently request other damages, they "can amend their complaint[] as the litigation progresses." *Id.* "And juries can award damages not requested by the complaint." *Id.* So the fact that the complaint does not request other categories of damages does not render those damages legally impossible.

---

[5]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

Finally, the Plaintiffs argue that they brought their case in the Law Division of the Circuit Court of Cook County, which only hears cases with monetary damages exceeding $30,000, so "it is legally impossible for either Plaintiff to individually recover more than $75,000 in a Cook County Law Division court." Pls.' Reply Br. ¶¶ 4–5; *Law Division*, Circuit Court of Cook County, https://www.cookcountycourtil.gov/division/law-division (last visited Jan. 8, 2026). This argument is puzzling. Because the Law Division imposes a $30,000 *floor*, rather than a ceiling, the placement of the Plaintiffs' case in that division does not preclude them from recovering over $75,000. If anything, this fact works against the Plaintiffs. Because their medical expenses are supposedly less than $30,000, the placement of their case in the Law Division suggests that they seek to recover other, additional damages in order to meet the $30,000 requirement—which contradicts the Plaintiffs' statement that they only seek damages for their medical expenses. *See* Pls.' Reply Br. ¶ 6; Demand Letter at 5, 8.

In sum, "[w]hen a plaintiff does not tie its own hands" with a binding disclaimer, "the defendant is entitled to present a good-faith estimate of the stakes." *Back Drs. Ltd.*, 637 F.3d at 831. The Defendants did so here. Because "that estimate exceeds the jurisdictional minimum, it controls and allows removal" given the Plaintiffs' failure to show that "recovery exceeding the jurisdictional minimum would be legally impossible." *See id.*

## III. Conclusion

The motion to remand, R. 10, is denied. The parties shall confer on a proposed discovery schedule and file a joint status report by April 13, 2026.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 30, 2026